Douglas H. Morseburg (SBN 126205)
dmorseburg@leechtishman.com
**LEECH TISHMAN FUSCALDO & LAMPL**
100 East Corson Street, Third Floor
Pasadena, California  91103-3842
Telephone: 626.796.4000
Facsimile:  626.795.6321

Attorneys for Plaintiff American Latex Corp.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMERICAN    LATEX    CORP.,   a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>THINKBUG, LLC, a Georgia limited liability  company,  and  DOES  1-10, inclusive,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1) TRADEMARK INFRINGEMENT;**<br>**2) FALSE DESIGNATION OF ORIGIN; AND**<br>**3) COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>**REQUEST FOR JURY TRIAL** |

COMPLAINT

**Error! Unknown document property name.**

Plaintiff American Latex Corp. ("Plaintiff"), through its attorneys, Leech Tishman Fuscaldo & Lampl, alleges as follows:

## JURISDICTION AND VENUE

1. The court has original jurisdiction of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. § 1051, et seq.  This court has supplemental jurisdiction over Plaintiff's non-federal claim under 28 U.S.C. § 1367 in that that claim is so related to Plaintiff's federal claims that it forms part of the same case or controversy.

2. Venue in this district is proper under 28 U.S.C. § 1391(b) on the grounds that, on information and belief, a substantial part of the events giving rise to the within claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff is a California corporation having a principal place of business in Chatsworth, California and it is the owner of the LOVES mark described herein.

4. Defendant ThinkBug, LLC ("ThinkBug") is, on information and belief, a Georgia limited liability company.

5. The true names and capacities of the Defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names.  Plaintiff is informed and it believes, and based thereon it alleges, that each of the Defendants designated herein as DOES 1-10 is legally responsible for the infringement of Plaintiff's trademark rights hereinafter alleged and has legally caused injury and damages proximately thereby to Plaintiff as alleged herein.  Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE Defendants have been ascertained.  Hereafter, ThinkBug and DOES 1 through 10, are collectively referred to as "Defendants."

6. Plaintiff is informed and it believes, and based thereon it alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

7. Plaintiff is informed and it believes, and based thereon it alleges, that each of the Defendants has acted in concert and participation with each of the other Defendants concerning the claims in this Complaint.  Plaintiff is further informed and it believes, and based thereon it alleges, that in doing the things alleged below, each of the Defendants was empowered to act as the agent, servant and/or employee of each other Defendant, and that all the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of them.

## BACKGROUND

8. Plaintiff is engaged in, among other things, the production, sale and distribution of adult products, including sex dolls, electric and non-electric massagers, vibrators and reproductions of parts of the male and female anatomy. Plaintiff has been in business since 1993 and, over the years, has enjoyed tremendous success.

9. At least as early as January 1, 2005, Plaintiff commenced using the term LOVES as a trademark to identify its goods and to distinguish them from the goods and services made and sold or offered by others by, among other things, prominently displaying the mark on the packaging for its products and on advertising materials promoting its goods.  The use of the LOVES mark in connection with Plaintiff's goods indicates to the public that goods provided under that mark originate with, or are provided by, Plaintiff.

10.     At this point, Plaintiff has been using the LOVES mark continuously for almost 10 years.  As a consequence, the mark has attained considerable value and the goodwill associated with it represents a valuable business asset.

11.     On or about October 17, 2003, Plaintiff filed an application in the U.S. Patent and Trademark Office ("PTO") under Section 1(b) of the Trademark Act to register LOVES in standard character format as a trademark for, among other things, adult sexual aids in International Class ("IC") 010.  The application was assigned Serial No. 76/556,669 (the "'669 Application").

12.     On or about July 19, 2005, the PTO granted the '669 Application and issued a registration for LOVES to Plaintiff for use in connection with "[a]dult sexual aids, namely, sex dolls made in part of silicone or rubber, electric and non-electric massage apparatus, handheld vibrators and vibrator sleeves, dildos, dongs, anal plugs, and reproductions of parts of the male and female anatomy" in IC 010. The registration was assigned Reg. No. 2,972,332 (the "'332 Registration").

13.     On or about July 19, 2011, the '332 Registration became incontestable under 15 U.S.C. § 1065.  Thus, the registration constitutes conclusive evidence of the validity of the LOVES mark, of Plaintiff's ownership of that mark, and of Plaintiff's exclusive right to use the mark in commerce on or in connection with the goods identified in the registration.

## THE DEFENDANTS' ACTIONS

14.     On information and belief, the Defendants are engaged in the sale, offer for sale and advertising of adult products that directly compete with Plaintiff's products, including ben wa balls and vibrators, under the mark SECRET LOVE.  On further information and belief, Defendants are offering to provide, and are providing, such goods under that mark nationwide and in this judicial district.

15.     On or about November 14, 2013, Defendants filed an application with the PTO under Section 1(a) of the Trademark Act to register the term SECRET LOVE for use in connection with "[a]dult sexual stimulation aids, namely, ben wa balls, duotone balls, kegel weights, pelvic floor exercisers, vaginal exercisers, [and]

1  vibrators" in IC 010.  The application was assigned Serial No. 86/118,907 (the "'907

2  Application") and it claimed a date of first use in commerce of August 5, 2012.

3      16.   Plaintiff is informed and it believes that its constructive and actual dates

4  of first use of LOVES in commerce are prior to the Defendants' claimed and actual

5  dates of first use of SECRET LOVE.  In addition, the goods with which Defendants

6  are using SECRET LOVE and which are identified in the '907 Application overlap

7  and are closely related to the goods that are the subject of Plaintiff's '332

8  Registration.  Finally, the SECRET LOVE mark that the Defendants are using and

9  that is the subject of the '907 Application incorporates a term that is virtually

10  identical to the mark that is the subject of Plaintiff's '332 Registration, namely, the

11  term LOVE.

12

13              **FIRST CLAIM FOR RELIEF**

14  **(Against All Defendants for Trademark Infringement, 15 U.S.C. § 1114(1))**

15      17.   Plaintiff incorporates paragraphs 1 through 16, above, as though set

16  forth fully herein.

17      18.   The Defendants' use of the term SECRET LOVE mark in connection

18  with their goods, as alleged above, is likely to cause confusion, mistake or deception

19  among members of the consuming public as to whether there is a connection or an

20  association between Plaintiff and Defendants or as to whether Defendants' goods

21  originate with or are approved or sponsored by Plaintiff in violation of Section 32(1)

22  of the Lanham Act, 15 U.S.C. § 1114(1).

23      19.   Plaintiff has never authorized the Defendants to use, or consented to

24  their use of, any words or names in connection with their products or services that

25  are similar to Plaintiff's mark.

26      20.   On information and belief, the Defendants' acts have been undertaken

27  with full knowledge of Plaintiff's rights in and to the LOVES mark and with the

28  willful and deliberate intent to cause confusion, mistake and deception among

members of the relevant public and to trade on the goodwill associated with Plaintiff's mark.

21.   By reason of Defendants' acts, as alleged herein, Plaintiff has suffered damage to its business, reputation and goodwill and Defendants have realized profits and sales they would not have made but for Defendants' conduct.

22.   Defendants' acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing their unauthorized use of words and symbols that are confusingly similar to Plaintiff's mark, these injuries will continue to occur.

## SECOND CLAIM FOR RELIEF

**(Against All Defendants for False Designation of Origin, 15 U.S.C. § 1125(a))**

23.   Plaintiff incorporates paragraphs 1 through 16, above, as though set forth fully herein.

24.   The Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception among members of the consuming public as to whether there is a connection or an association between Plaintiff and Defendants or as to whether Defendants' goods originate with or are approved or sponsored by Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.   Plaintiff has never authorized the Defendants to use, or consented to their use of, any words or names in connection with their products or services that are similar to Plaintiff's mark.

26.   On information and belief, the Defendants' acts have been undertaken with full knowledge of Plaintiff's rights in and to the LOVES mark and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with Plaintiff's mark.

27.     By reason of Defendants' acts, as alleged herein, Plaintiff has suffered damage to its business, reputation and goodwill and Defendants have realized profits and sales they would not have made but for Defendants' conduct.

28.     Defendants' acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing their unauthorized use of words and symbols that are confusingly similar to Plaintiff's mark, these injuries will continue to occur.

## THIRD CLAIM FOR RELIEF

**(Against All Defendants for Common Law Trademark Infringement)**

29.     Plaintiff incorporates paragraphs 1 through 10, 14 and 16, above, as though set forth fully herein.

30.     The Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception among members of the consuming public as to whether there is a connection or an association between Plaintiff and Defendants or as to whether Defendants' goods originate with or are approved or sponsored by Plaintiff in violation of the common law.

31.     Plaintiff has never authorized the Defendants to use, or consented to their use of, any words or names in connection with their products or services that are similar to Plaintiff's mark.

32.     On information and belief, the Defendants' acts have been undertaken with full knowledge of Plaintiff's rights in and to the LOVES mark and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with Plaintiff's mark.  Such acts are oppressive, fraudulent, willful and malicious in that they have been undertaken by Defendants with a conscious disregard of Plaintiff's rights and with a desire to injure its business and to improve the Defendants' own.

33.     By reason of Defendants' acts, as alleged herein, Plaintiff has suffered damage to its business, reputation and goodwill and Defendants have realized profits and sales they would not have made but for Defendants' conduct.

34.     Defendants' acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing their unauthorized use of words and symbols that are confusingly similar to Plaintiff's mark, these injuries will continue to occur.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For an order permanently enjoining the Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them from:

a.     Using any brand or designation that makes use of the term SECRET LOVE or any permutation of that term, whether alone or in combination with other words, characters or symbols in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, Plaintiff's goods;

b.     Instructing or directing any third parties to prepare print advertising, flyers, containers, labels or packaging bearing the term SECRET LOVE or any permutation of that term, whether alone or in combination with other words, characters or symbols for use in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, Plaintiff's goods;

c.     Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the LOVES mark;

2.     For an order directing the Defendants to deliver up for destruction all products, labels, boxes, signs, prints, packages, wrappers, and artwork in their

possession, or under their control, bearing or intended to bear the term SECRET LOVE or any permutation of that term, whether alone or in combination with other words, characters or symbols;

3.      For an order permanently enjoining Defendants and their officers, agents, employees, and all those acting in concert or conspiracy with them from making use of the term SECRET LOVE or any phonetic equivalent of that mark in connection with the sale of adult sexual aids;

4.      For a judicial declaration that Defendants are not entitled to a U.S. trademark registration for the term SECRET LOVE for use in connection with the goods that are the subject of the '907 Application;

5.      For a monetary award in favor of Plaintiff in an amount equal to (i) Plaintiff's actual damages and (ii) to the extent not included in actual damages, the Defendants' profits flowing from the acts alleged above, such damages and profits to be trebled under 15 U.S.C. § 1117(a);

6.      For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

7.      For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

8.      For a finding that the Defendants' acts were undertaken intentionally, maliciously and/or with a reckless and wanton disregard of Plaintiff's  rights and for an award of exemplary damages pursuant to California Civil Code section 3295 in an amount sufficient to punish, deter, and make an example of Defendants for the acts complained of herein;

9.      For an award of costs under 15 U.S.C. § 1117(a), or as otherwise provided by law;

10.     For such other and further relief as the Court deems just and proper.

Dated:  December 9, 2014                    LEECH TISHMAN FUSCALDO & LAMPL

By:   /s/ Douglas H. Morseburg
      Douglas H. Morseburg

Attorneys for Plaintiff American Latex Corp.

1

## REQUEST FOR JURY TRIAL

2      Plaintiff requests trial by jury on all issues so triable.

3  Dated:  December 9, 2014            LEECH TISHMAN FUSCALDO & LAMPL

4
                                      By:    /s/ Douglas H. Morseburg
5                                            Douglas H. Morseburg

6                                     Attorneys for Plaintiff American Latex Corp.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28